BROWN EQUIPMENT COMPANY,
Appellant,

v.

Roosevelt DUFF and the Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 22, 1965.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

Tribell & Tribell, Middlesboro, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment of the Bell Circuit Court dismissing an appeal from an opinion and order of the Workmen's Compensation Board which overruled a motion by appellee Roosevelt Duff to reopen his claim for compensation benefits. We are affirming the judgment because appellant, Brown Equipment Company, merely seeks to have certain language deleted from the Board's written opinion.

Duff received an injury on September 21, 1956, for which Brown Equipment Company paid him compensation under an agreement which was approved by the Board. After Duff returned to work March 25, 1957, a final settlement agreement was approved by the Board. In September, 1957 Duff filed an application seeking further compensation for his injury. Following a hearing in 1958 a referee found that Duff was not entitled to further compensation and recommended that his claim be dismissed.

No further effort was made by Duff to obtain compensation until June, 1964 when Duff moved to reopen pursuant to KRS 342.125. The Board found that this motion was filed too late.

Although Brown Equipment Company had defeated Duff's attempt to reopen the case it appealed to the Bell Circuit Court urging it to strike from the Board's written opinion a statement concerning what the referee recommended in 1958. There is no authority for appealing from a statement appearing in a written opinion of the Board, a fortiori, this is so where, as here, it is not even relevant to the disposition of the case. KRS 342.285. Moreover, there was no justiciable issue presented by the purported appeal. We conclude that Duff's motion to dismiss the appeal was properly sustained by the circuit court.

The judgment is affirmed.